tion for tax purposes of any gain realized by such conversion if he replaces such property with other property similar or related in use within a period of one year "after the close of the first taxable year in which any part of the gain upon the conversion is realized."

In this case it is conceded that the taxpayer did not reinvest the proceeds derived from the withdrawal of the condemnation deposit within the one-year period. Its insistence is that the gain was not realized during the year that the deposit was withdrawn but was realized when the amount of compensation that it was to receive as a result of the condemnation was finally determined in a later year in the condemnation proceeding and title to the property was vested by the court in the condemning authority.

In upholding the findings and conclusions of the Commissioner, the Tax Court applied the "claim of right" doctrine first enunciated by the Supreme Court in North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932). In that case the doctrine was stated by Mr. Justice Brandeis as follows:

> If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.

The Tax Court analyzed the condemnation procedure in Tennessee (Tenn.Code Ann. [1969 Cum.Supp.] Sections 23–1526 through 23–1541), and was of the opinion that when a deposit is made by the condemning authority under the Tennessee procedure the taxpayer upon withdrawing the deposit obtained the unrestricted use of the funds under a claim of right. The Court was of the view that when the deposit was made in the present taxpayer's case and an order of condemnation entered, the property was thereby appropriated to the use of the state and what remained in the taxpayer was the bare legal title to the property.

Having reviewed the record and the applicable authorities, we are of the opinion that the Tax Court was correct in applying the claim of right doctrine as enunciated in North American Oil Consolidated v. Burnet, *supra*. It follows that it was correct in its ultimate determination and finding that the taxpayer was not entitled to the benefit of the nonrecognition provisions of the Act in effect during the times here involved.

It is therefore ordered and adjudged that the decision of the Tax Court entered on September 14, 1970 be and the same is hereby affirmed on the basis of its memorandum opinion as reported in 29 T.C.M. 1150.

**J. B. KEYS, Plaintiff-Appellant,**

v.

**Clark CLIFFORD, Secretary of Defense, Defendant-Appellee.**

No. 71-1582
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

J. B. Keys, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

Jon D. Caminez, Bishop C. Holifield, Miami, Fla., for plaintiff-appellant.

Aaron M. Kanner, and Richard Kanner, Miami, Fla., for defendant-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

**Jay LAMARCHE, individually and on behalf of all others similarly situated, Plaintiff-Appellant,**

v.

**SUNBEAM TELEVISION CORPORATION a/k/a WCKT Television Station, Defendant-Appellee.**

No. 71-1465

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1971.

PER CURIAM:

Jay Lamarche appeals from orders of the district court denying motions (1) to proceed in forma pauperis, and (2) to maintain his suit as a class action. We determine that under the circumstances present neither order is a final decision appealable under Title 28, U.S.C., Section 1291, nor an interlocutory order appealable under Title 28, U.S.C., Section 1292. The appeal is accordingly ordered dismissed for lack of jurisdiction. Caceres v. International Air Transport Association, 2 Cir. 1970, 422 F.2d 141; City of New York v. International Pipe & Ceramics Corporation, 2 Cir. 1969, 410 F.2d 295; Walsh v. City of Detroit, 6 Cir. 1969, 412 F.2d 226; Eisen v. Carlisle and Jacquelin, 2 Cir. 1966, 370 F.2d 119; Gomez v. United States, 5 Cir. 1957, 245 F.2d 346.

Appeal dismissed.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.